Submitted March 11, order of circuit court affirmed in part and reversed in part
October 20, 2005

# STATE OF OREGON,
*Appellant,*

*v.*

# JAMES LOUIS JONES,
*Respondent.*

# (03CR2144FE; SC S51940)

121 P3d 657

Erika L. Hadlock, Assistant Solicitor General, Salem, argued the cause and filed the brief for plaintiff-appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Anne Fujita Munsey, Deputy Public Defender, Salem, argued the cause and filed the brief for defendant-respondent. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartland, Chief Defender, Office of Public Defense Services

RIGGS, J.

## RIGGS, J.

In this criminal matter, we decide whether ORS 41.910 requires suppression of (1) statements that defendant made during two police interviews before the police notified defendant that they had been videotaping each interview; and (2) police officer testimony that described those same statements. The trial court granted defendant's pretrial motions to suppress both the prenotification parts of the video-tape and the officers' testimony describing defendant's statements during those prenotification periods. The state appeals those rulings directly to this court pursuant to ORS 138.060(2)(a).[1] For the reasons that follow, we affirm the trial court's decision to suppress the videotape, but reverse its decision as to the officers' testimony.

The following facts are not in dispute. On November 30, 2003, police took defendant into custody after he allegedly had shot and killed his wife's boyfriend. Before surrendering himself to the police, defendant said that he had shot the victim in self-defense. The police took defendant to the sheriff's station and commenced questioning him there at approximately 3:30 a.m. The station interview room was painted white and had a white, orb-shaped camera, approximately two inches in diameter, mounted in one corner. A flat, triangular microphone, which resembled a computer mouse, was on the table in the room. The parties agree that there was nothing about the white orb in the corner or the object on the table that revealed to defendant what those items were or that either was operating.

Six and one-half minutes into the first interview, the police told defendant that "a lot of our conversations are being recorded and this is being recorded also * * * [b]oth video and audio." Throughout the remainder of that interview, the police repeatedly reminded defendant that they were recording him.

---

[1] ORS 138.060(2)(a) provides, in part, that, "when the state chooses to appeal from an order [suppressing evidence made prior to trial], the state shall take the appeal from the circuit court to the Supreme Court if the defendant is charged with murder or aggravated murder."

Police commenced their second interview of defendant at approximately 4:30 p.m. that afternoon in the same room. The police did not tell defendant that they were recording the second interview until they had videotaped 35 minutes of that interview.

The state charged defendant with intentional murder, ORS 163.115(1)(a). Defendant made a pretrial motion to suppress both the videotape material and the interviewing officers' testimony related to those parts of the two interviews that preceded police notification about the videotaping.[2] The state responded that the videotaped material and police officer testimony were admissible.

The trial court ruled that evidence of the prenotification parts of both interviews was inadmissible. It therefore suppressed (1) those parts of the videotapes; and (2) the officers' testimony related to those interview periods. The state appeals and assigns error to each of those rulings.

As a preliminary matter, we note that the state did not argue to the trial court that differing circumstances surrounding each interview provided separate grounds for admitting the evidence pertaining to each interview. The state bore the burden to preserve for appeal any alternative argument supporting the admissibility of any part of the evidence. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (party did not preserve claim on appeal that trial court failed to consider alternatives to precluding evidence or to imposing less onerous sanction for discovery violation at issue). The state failed to meet that burden. It follows that we must decide only whether the trial court correctly suppressed the prenotification part of videotape from either interview, or correctly suppressed the related police officer testimony from either interview.

The parties' arguments focus on two statutes, ORS 165.540 and ORS 41.910. ORS 165.540 provides, in part:

"(1)   Except as otherwise provided * * * a person may not:

_____

[2] Defendant did not (and does not) challenge the admissibility of the videotape or testimonial evidence related to the *post-notification* parts of the two interviews; those parts are not at issue in this appeal.

"* * * * *

"(c)  Obtain or attempt to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, if not all participants in the conversation are specifically informed that their conversation is being obtained.

"* * * * *

"(2)(a)  The prohibitions in subsection (1) * * * (c) of this section do not apply to:

"* * * * *

"(B)  Public officials in charge of and at jails, police premises, sheriffs' offices, Department of Corrections institutions and other penal or correctional institutions, except as to communications or conversations between an attorney and the client of the attorney."

ORS 165.535 provides, in part:

"As used in ORS 41.910 * * * [and ORS] 165.540 * * *:

"(1)  'Conversation' means the transmission between two or more persons of an oral communication which is not a telecommunication or a radio communication."

ORS 41.910 provides:

"Evidence of the contents of any wire or oral communication intercepted:

"(1)  In violation of ORS 165.540 shall not be admissible in any court of this state, except as evidence of unlawful interception.

"(2)  Under ORS 165.540(2)(a) shall not be admissible in any court of this state unless:

"(a)  The communication was intercepted by a public official in charge of and at a jail, police premises, sheriff's office, Department of Corrections institution or other penal or correctional institution; and

"(b)  The participant in the communication, against whom the evidence is being offered, had actual notice that the communication was being monitored or recorded."

ORS 133.721 provides, in part:

"As used in ORS 41.910 and 133.721 to 133.739 and this section, unless the context requires otherwise:

"* * * * *

"(7)   'Oral communication' means:

"(a)   Any oral communication, other than a wire or electronic communication, uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation[.]"

The state argues that the trial court erred in suppressing both the videotape and the officers' testimony because defendant's statements did not constitute "oral communication" for purposes of suppression under ORS 41.910 or within the meaning of ORS 165.540. Defendant, on the other hand, argues that suppression is warranted under both ORS 41.910(1) and ORS 41.910(2). To evaluate those arguments, we look to the legislature's intent in enacting the pertinent statutes.

■        ORS 41.910(1) provides the general suppression remedy for all violations of ORS 165.540. A person violates ORS 165.540(1)(c) when that person fails to "specifically inform[ ]" all participants in a conversation that the person is obtaining that conversation. ORS 41.910(2) provides a suppression remedy for only the exceptions set out in ORS 165.540(2)(a). While certain public officials who obtain conversation are exempt from criminal liability under ORS 165.540(2)(a)(B), ORS 41.910(2) nevertheless requires suppression of "evidence of the contents" of the intercepted communication unless the person being monitored or recorded receives "actual notice" of the monitoring or recording. Thus, ORS 41.910 requires suppression under either subsection (1) or (2) if the communication participant fails to receive *notice* that his or her statements are being obtained or intercepted.

As noted above, the state does not contend that the police either specifically informed or provided actual notice to defendant of their videotaping during the prenotification parts of the interviews. Therefore, under the parallel notification requirements of ORS 165.540(1)(c) and ORS

41.910(2)(b), the prenotification parts of both interviews are subject to suppression unless the state is correct that neither ORS 165.540(1)(c) nor ORS 165.540(2)(a)(B) applies. For the reasons that follow, we conclude that the state is incorrect in asserting that neither of those provisions apply, and we hold that evidence pertaining to the prenotification parts of both interviews are subject to suppression under ORS 41.910.

The state contends that ORS 165.540 applies to a "conversation" that is obtained, and that "conversation" is limited to "oral communication." The state then relies on the definition of "oral communication" provided in ORS 133.721(7)(a) and concludes that, because defendant's statements do not constitute "oral communication," they are not "conversation" within the meaning of ORS 165.540. That analysis, however, misconstrues the applicable provisions.

ORS 165.535(1) defines "conversation" for purposes of ORS 165.540 as "the transmission between two or more persons of an oral communication which is not a telecommunication or a radio communication." That definition distinguishes person-to-person oral communication, such as defendant's statements to the police, from both radio communication and telecommunication. *See* ORS 165.535(3) and (4) (defining those latter terms). However, the term "oral communication," as used in ORS 165.535(1), is not further defined by ORS 133.721(7)(a), as the state contends. ORS 133.721 expressly provides that the definitions set out therein, including the definition of "oral communication," apply to terms "used in ORS 41.910 and [ORS] 133.721 to 133.739 and this section[.]" ORS 165.540 and ORS 165.535 are absent from that list. Thus, the definitions set out in ORS 133.721 are inapplicable to an analysis of defendant's statements under the terms of ORS 165.540 and do not place the police conduct in this case beyond the reach of ORS 165.540. We reject the state's contentions to the contrary.[3]

---

[3] The statutory context lends further support. In 1959, the legislature amended ORS 165.540 (criminal statute) and ORS 41.910 (suppression remedy) to include the unlawful interception of "conversation," and it added ORS 165.535 to define "conversation" for both statutes. Or Laws 1959, ch 681, §§ 1, 2, 5. Following those amendments, both the criminal statute and the suppression remedy operated under the same terms, with "conversation" merely defined as person-to-person oral communication, as distinguished from telecommunication or radio communication. In 1979, however, the legislature amended the text of ORS 41.910;

Because defendant's statements constitute "conversation" within the meaning of ORS 165.540, and because the police failed to notify defendant that they were recording his statements, evidence related to those statements fall within the suppression provisions of ORS 41.910.

■ We next consider whether ORS 41.910 requires suppression of the prenotification parts of the videotape evidence, the testimonial evidence relating to those interview periods, or both. As seen above, ORS 41.910(1) and (2) require suppression of "evidence of the contents of any wire or oral communication intercepted." We first must determine whether defendant's statements constitute "oral communication" within the meaning of that statute.[4] If so, we then must determine what constitutes "evidence of the contents" of "intercepted" communication.

As the state correctly points out, the legislature has given the term "oral communication" a very specific meaning for purposes of ORS 41.910. ORS 133.721(7)(a) limits the reach of the suppression remedy by providing a two-pronged definition of "oral communication," both prongs of which must be satisfied before ORS 41.910 mandates suppression. First, the speaker of the intercepted communication must have exhibited "an expectation that such communication [wa]s not subject to interception." ORS 133.721(7)(a). Second, the speaker must have done so "under circumstances justifying [that] expectation." *Id.* The first prong of the definition

___

it replaced "conversation" with "oral communication" and added the definition of "oral communication" that is now set forth in ORS 133.721(7)(a). Or Laws 1979, ch 716, §§ 2, 12. The legislature chose not to maintain parallel terms between the criminal statute and its suppression remedy. That choice limits only the suppression remedy by application of the more specific definition for "oral communication" supplied by ORS 133.721.

[4] Defendant's statements to the police in both interviews did not involve wire communication. ORS 133.721(10) provides:

"'Wire communication' means any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable or other like connection between the point of origin and the point of reception, whether furnished or operated by a public utility or privately owned or leased."

Defendant's utterance was the point of origin of his statements, and the interviewing officers were the point of reception. No transmission facilities through wire, cable, or otherwise were involved in defendant's direct communication to the officers.

requires the court to examine whether a speaker exhibited an expectation that the communication was not subject to interception. The second prong requires the court to decide whether the circumstances surrounding the communication justify that same expectation.

In this case, the state does not argue that defendant failed to exhibit the requisite expectation. Thus, we assume that the first prong of the statutory test is satisfied. We therefore turn to the second prong of the "oral communication" definition. As to the first interview, the circumstances justified the required expectation. As the parties acknowledge, nothing about the appearance of the equipment in the room would have alerted defendant that his statements could be or were being intercepted.

The state argues, however, that "a person under suspicion for murder, who is interviewed at a sheriff's office * * * should understand that there is at least a good possibility that anything he says will be recorded." That argument incorrectly assumes that the protections of Oregon law do not apply once a person is suspected of a crime or is taken into police custody. But such an assumption would render the notice provisions of ORS 41.910 meaningless. Accordingly, we conclude that defendant's statements during his first interview, made before the police informed him that he was being recorded, constituted "oral communication" within the meaning of ORS 41.910.

■ Having determined that "oral communication" is at issue, we now must determine whether ORS 41.910 requires suppression of the videotape, the testimonial evidence, or both. By its terms, ORS 41.910 requires suppression of the "contents" of oral communication that was "intercepted." ORS 133.721 defines those terms as follows:

"(2)  'Contents' when used with respect to any wire, electronic or oral communication, includes any information concerning the identity of the parties to such communication or the existence, substance, purport or meaning of that communication.

"* * * * *

"(5) 'Intercept' means the acquisition, by listening or recording, of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device."

Because those definitions apply to ORS 41.910, the legislature's intent is clear. Once all other conditions are met, ORS 41.910 requires suppression of evidence of "any information concerning the identity of the parties to" or the "existence, substance, purport[,] or meaning of" communication that was "acqui[red] by listening or recording * * * through the use of any electronic, mechanical[,] or other device."

In this case, both the prenotification part of the videotape of defendant's first interview and the related officers' testimony constitute evidence of "information concerning the identity of the parties to" or the "existence, substance, purport[,] or meaning of th[e] communication." However, only the videotape constitutes evidence of information concerning party identity or communication substance that was "acqui[red] by listening or recording * * * through the use of any electronic, mechanical[,] or other device." It follows that the trial court correctly suppressed the prenotification part of the videotape from defendant's first interview. And, because the state did not argue separate grounds for admitting evidence from each interview, we will not disturb the trial court's order suppressing the prenotification part of the videotape from defendant's second interview.

■ By contrast, the interviewing officers' testimony concerned their own knowledge of defendant's identity and statements. The officers did not acquire their knowledge of defendant's identity through videotaping him; neither did they hear defendant's statements through the use of any device. Put differently, the officers' knowledge of defendant's identity or statements did not arise by virtue of any interception activity, but through their direct participation in the communication. That participation occurred simultaneous to, but independent of, the videotaping; the relationship between the two was temporal and nothing more. Thus, the interviewing officers' testimony regarding defendant's statements during the prenotification period of the first interview is not subject to suppression under ORS 41.910. Because

nothing about the second interview would alter the foregoing analysis, the officer testimony pertaining to that interview is, likewise, not subject to suppression under ORS 41.910. The trial court erred in holding otherwise.

■    In this appeal, defendant raises several alternative arguments for suppressing the officers' testimony. First, defendant argues that ORS 133.735 requires suppression of the officers' testimony. That statute provides, in part:

> "(1)   Any aggrieved person in any trial, hearing or pro-
> ceeding in or before any court * * * may move to suppress
> the contents of any wire, electronic or oral communication
> intercepted under ORS 133.724, or evidence derived there-
> from, on the grounds that:

> "(a)   The communication was unlawfully intercepted[.]"

ORS 133.724 provides, in part:

> "(1)   An ex parte order for the interception of wire, elec-
> tronic or oral communications may be issued by any circuit
> court judge upon written application made upon oath or
> affirmation of the individual who is the district attorney or
> a deputy district attorney authorized by the district attor-
> ney for the county in which the order is sought."

ORS 133.724 further outlines procedures for obtain-ing *ex parte* orders when police intercept various forms of communication. However ORS 133.735(1)(a) provides for suppression of only unlawfully *"intercepted"* communications or "evidence derived therefrom." Because the same defini-tions apply to ORS 133.735 that apply to ORS 41.910, defen-dant's argument under ORS 133.735 fails for the same rea-sons that it did under ORS 41.910: the officers' testimony was not "acqui[red] by listening or recording * * * through the use of any electronic, mechanical[,] or other device." ORS 133.721(5). Neither was that testimony "evidence derived [from that recording.]" ORS 133.735(1). As discussed earlier, the officers directly participated in the communication and heard defendant's statements as he uttered them in their physical presence. The officers' knowledge of defendant's statements did not derive from the simultaneous recording, but from their personal participation in the interview. Con-trary to defendant's assertions, then, the officers' testimony is not subject to suppression under ORS 133.735.

Next, defendant makes several new arguments related to whether the interviewing officers possessed an independent recollection of defendant's statements, whether some of their testimony instead derived from the suppressed parts of videotape, and whether two of the officers' testimony had become tainted by exposure to the videotapes at the suppression hearing. We cannot reach those issues here. Defendant can raise those arguments as objections at trial if or when those officers testify. We cannot speculate in this interlocutory appeal whether the state will call those officers to testify, what the substance of that testimony might be, and whether or not the suppressed parts of videotape will be involved in that testimony. Neither does the present record reflect whether the officers relied on their review of suppressed parts of the videotapes and, if so, to what extent.

In sum, we conclude that the trial court correctly suppressed the prenotification parts of videotape from defendant's first interview under ORS 41.910, and we uphold that ruling as to both interviews. However, the trial court erred when it suppressed the interviewing officers' testimony from both interviews because that testimony was not evidence of the contents of intercepted communication within the meaning of ORS 41.910.

The order of the circuit court is affirmed in part and reversed in part.