Argued and submitted February 21, Banks High School, Banks,
affirmed June 13, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT MURRAY PREW III,
*Defendant-Appellant.*

Lane County Circuit Court
210503719; A130433

161 P3d 323

Michael J. Buseman argued the cause for appellant. With him on the brief was Douglas J. Dennett, P.C.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Defendant appeals from his conviction for driving under the influence of intoxicants. He assigns error to the trial court's denial of his motion to suppress evidence of the arrest captured on an audiotape. The prosecution stipulated that the arresting officer did not inform defendant that the encounter was being recorded; according to defendant, that fact alone required suppression of the tape containing the recorded information as well as the arresting officer's testimony regarding the contents of the tape. The state maintains that, because the officer both recorded the conversation and participated in it, suppression of his testimony was not required. We affirm.

The following facts are undisputed. Oregon State Trooper Glass stopped defendant because his license plate light was not working and because the officer saw defendant's car drift across the center line several times. After detecting the smell of alcohol on defendant's breath, Glass asked defendant to perform field sobriety tests. He agreed to the testing and failed. Glass then informed defendant of his *Miranda* rights, after which defendant made inculpatory statements in response to Glass's questioning. The entire encounter was recorded by Glass, but Glass did not inform defendant of that fact.

Defendant moved to suppress the tape recording and any testimony by Glass about the recording's content. In support of the motion, defendant's counsel submitted an affidavit stating that, in a telephone conversation, Glass informed him that he had "relied in part upon the video/audio tape in preparation to write his police report in this case," and that he "sat and watched and listened to the video/audio tape with [the prosecutor] as they prepared for the hearing on the motion to suppress." The state agreed not to offer the tape itself, but opposed the motion with respect to the trooper's testimony. The court found as fact that Glass "reviewed the video and audio recording before preparing his police report, and later in preparation for his testimony at the suppression hearing." The court also found as fact that "[t]he recording was not the sole source of the information obtained by the

police officer." Based primarily on those facts, the court concluded that the testimony was admissible. Defendant was subsequently tried and convicted; the record before us, however, does not contain the trial transcript.

Defendant has two theories to support his argument for suppression. The first relies entirely on ORS 165.540. That statute prohibits recording a conversation without the knowledge of all participants, using that recording, and divulging its contents:

"(1)   Except as otherwise provided * * * a person may not:

"* * * * *

"(c)   Obtain or attempt to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, if not all participants in the conversation are specifically informed that their conversation is being obtained.

"* * * * *

"(e)   Use or attempt to use, or divulge to others, any conversation, telecommunication or radio communication obtained by any means prohibited by this section."

In *State v. Carston*, 323 Or 75, 85, 913 P2d 709 (1996), the Supreme Court held that paragraph (e) required suppression of "all the evidence that was derived, directly or indirectly, from the information" obtained in violation of paragraph (c); according to the court, the legislature's intent to require suppression is "clear." Thus, defendant argues, ORS 165.540(1)(e), especially as construed by *Carston*, unambiguously requires suppression.

■   The state disagrees. It argues that, under ORS 136.432(1) to (3), which became effective after *Carston*, we are powerless to suppress relevant evidence unless suppression is required by the United States or Oregon constitutions, the "rules of evidence governing privileges and the admissions of hearsay," or the rights of the press. However, we held in *State v. Thompson-Seed*, 162 Or App 483, 489, 986 P2d 732 (1999), that ORS 136.432 did not repeal existing exclusionary statutes; rather, it only "constrains the courts from creating

rules of exclusion where the legislature itself has not created them." Further, in *State v. Chipman,* 176 Or App 284, 294, 31 P3d 478 (2001), we held that the legislative creation of exclusionary rules did not need to be express; if, as a matter of statutory interpretation, the court concludes that the legislature intended that violation of a statute result in suppression, courts have to give effect to that intention notwithstanding ORS 136.432. The Supreme Court held in *Carston* that the legislature clearly intended the suppression of information "derived directly or indirectly" from a violation of ORS 165.540. 323 Or at 85. That statute and its suppression remedy therefore survive ORS 136.432. We therefore reject the state's first argument.

■     The state also argues that, under *State v. Jones,* 339 Or 438, 121 P3d 657 (2005), even if the trooper violated ORS 165.540(1)(c)—which the state does not concede—and even if, for that reason, the recording itself and information derived from it are inadmissible, the trooper's testimony, to the extent that it derives not from the recording itself but from the trooper's independent recollection of the recorded events, is not. We agree. In *Jones,* police violated ORS 165.540(1)(c) by recording part of an interview with the defendant without his knowledge. The court held that the *recording* of that part of the interview had to be suppressed, but not the *testimony* of the officers who conducted the interview. That information, the court explained, did not derive from unlawful action:

> "[T]he interviewing officers' testimony concerned their own knowledge of defendant's identity and statements. The officers did not acquire their knowledge of defendant's identity through videotaping him; neither did they hear defendant's statements through the use of any device. Put differently, the officers' knowledge of defendant's identity or statements did not arise by virtue of any interception activity, but through their direct participation in the communication. That participation occurred simultaneous to, but independent of, the videotaping; the relationship between the two was temporal and nothing more."

*Id.* at 447.

Thus, even if the trooper's act of recording defendant's arrest was unlawful, testimony regarding that arrest is nonetheless admissible if the testimony is "independent of" the illegality. Further,

"when a defendant seeks to suppress evidence on a theory that the evidence derives from * * * some earlier constitutional violation by government agents, * * * the defendant[ ] [has the] burden * * * of establishing a 'factual nexus' between the unlawful police conduct and the challenged evidence—at a minimum, the existence of a 'but-for' relationship."

*State v. Johnson*, 335 Or 511, 520, 73 P3d 282 (2003) (citations omitted). Defendant has not done so here. Although he produced an affidavit of counsel quoting the trooper as stating that "he relied in part upon the video/audio tape in preparation to write his police report in this case," the trial court found as fact that "[t]he recording was not the sole source of the information obtained by the police officer." From those statements, we cannot conclude that defendant has carried his burden, because we cannot determine the extent to which the trooper's testimony "relied on" the recording, or the extent to which a source other than the recording—that is, the trooper's independent recollection—accounted for the testimony. To meet that burden, defendant would at least have to establish a but-for connection between the recording and the trooper's testimony. Defendant not only fails to establish that connection, he fails even to produce the testimony in question. Indeed, because he failed to ensure that the record before this court contained the transcript of the trial, as was his responsibility, *State v. Lemon*, 251 Or 606, 447 P2d 394, *cert den*, 393 US 1004 (1968), he fails to demonstrate even that the trooper testified. *See also Jones*, 339 Or at 449 (declining to reach suppression issue where the record does not "reflect whether the officers relied on their review of suppressed parts of the videotapes and, if so, to what extent"). We therefore conclude that defendant cannot prevail on his argument that ORS 165.540(1)(e) requires suppression.

■    For the same reason, his argument that suppression is required by ORS 41.910(1), which provides, "Evidence of the contents of any wire or oral communication intercepted * * * [i]n violation of ORS 165.540 shall not be admissible in

any court of this state, except as evidence of unlawful interception" cannot prevail. Defendant, on the record before us, has not presented any evidence that the testimony he sought to have suppressed derived from the violation of ORS 165.540 and not the trooper's independent memory.

Affirmed.