LAGESEN, P. J.
*565 *463 A jury found in plaintiff's favor on her statutory whistleblower retaliation claims against her former employer, defendant Clackamas County. The main question on appeal is whether ORS 659A.199, which makes it unlawful for an "employer" to retaliate against an employee "for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation," applies to all employers, as the trial court concluded, or only to private employers, as the county contends. In the county's view, the statute applies solely to private employers. The trial court, argues the county, was therefore wrong not to direct a verdict in its favor on plaintiff's claim under ORS 659A.199. The legislature, however, has defined the term "employer" to include public bodies for purposes of ORS chapter 659A, making the county's construction of the term untenable. The trial court, therefore, was correct. Because the county's other arguments on appeal present no basis for reversal, we affirm.
The pertinent facts are mainly procedural and not disputed. Plaintiff used to work for the county as a human services manager. She sued the county for unlawful employment practices under ORS 659A.199 and ORS 659A.203, alleging that the county unlawfully retaliated against her in violation of those statutes after she had made reports regarding the improper use of federal grant funds associated with county programs. Plaintiff also asserted a national origin-based hostile work environment claim under ORS 659A.030. At the close of plaintiff's case, the county moved for a directed verdict on the ORS 659A.199 claim on the ground that the statute applies only to private businesses and not to public employers. The trial court denied the motion. The jury ultimately found that the county engaged in retaliatory conduct that violated both ORS 659A.199 and ORS 659A.203 and awarded $386,916 in damages to plaintiff. The jury, however, found in the county's favor on the hostile work environment claim.
The county appeals. It contends that the trial court erred by submitting the ORS 659A.199 claim to the jury. Additionally, the county contends that the trial court *464 committed multiple errors in instructing the jury on the ORS 659A.203 claim. Finally, it contends that the court abused its discretion by not striking the entire jury panel after the court made a comment to prospective jurors about the summary judgment process that, in defendant's view, impermissibly suggested that plaintiff's claims had merit.
At oral argument, the parties agreed that, were we to determine that the county was not entitled to reversal on its claim regarding the trial court's failure to strike the jury panel, then the county would have to demonstrate error with respect to both the ORS 659A.199 claim and the ORS 659A.203 claim to obtain reversal. That is because the record reflects that those claims were presented to the jury as independent, alternative theories of liability based upon the same conduct by the county. Under those circumstances, if either one went to the jury in an error-free way, then any error that may have occurred in submitting the other theory to the jury would be harmless.
Clearing the decks, we reject the county's contention that the trial court abused its discretion by not striking the jury panel. The county asserts that the court's remarks about the role of summary judgment in civil cases effectively rendered the panel actually biased against the county. We have reviewed the trial court's remarks, in context, and we see no likelihood of that. The court was within its discretion to conclude that there was no need to strike the jury panel.
Next up: Whether ORS 659A.199 applies to both private and public employers, making it correct for the trial court to deny *566 the county's motion for a directed verdict on that claim. We review the denial of a motion for a directed verdict for legal error. Miller v. Columbia County , 282 Or. App. 348, 349, 385 P.3d 1214 (2016), rev. den. , 361 Or. 238, 391 P.3d 797 (2017). More specifically, in this particular case, whether the county was entitled to a directed verdict centers on a question of statutory construction: Does the word "employer" in ORS 659A.199 include public employers? "Statutory construction presents a question of law, which we review for legal error." State v. Hunt , 270 Or. App. 206, 210, 346 P.3d 1285 (2015) (internal citation omitted). *465 ORS 659A.199 provides:
"(1) It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.
"(2) The remedies provided by this chapter are in addition to any common law remedy or other remedy that may be available to an employee for the conduct constituting a violation of this section."
The county's argument on appeal requires us to decide whether the word "employer," as used in the statute, means strictly private employers. In construing a statute, "[o]ur goal is to discern the intent of the legislature by examining the statutory text in context." State v. Couch , 341 Or. 610, 617, 147 P.3d 322 (2006). Where the legislature has supplied a definition for a disputed statutory term, that definition is the starting point for the analysis, as it "represents the best evidence of the legislature's intent" with respect to the scope of a particular term. Id . Although we may consult legislative history in construing a statute, "[w]hen the text of a statute is truly capable of having only one meaning, no weight can be given to legislative history that suggests-or even confirms-that legislators intended something different." State v. Gaines , 346 Or. 160, 173, 206 P.3d 1042 (2009).
Here, the legislature has made our interpretive task straightforward. It has defined the term "employer" as it is used in chapter 659A. ORS 659A.001(4)(a) provides that, for purposes of chapter 659A, " '[e]mployer' means any person who in this state, directly or through an agent, engages or uses the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed." (Emphasis added.) Then, ORS 659A.001(9)(b) clarifies that " '[p]erson' includes *** [a] public body as defined in ORS 30.260." By definition, then, the word "employer," as used in ORS 659A.199, includes public bodies that employ people. Cf.
*466 Preble v. Centennial School Dist. , 298 Or. App. 357, --- P.3d ---- (2019) (concluding that similar definition of the term "employer" for purposes of ORS chapter 656 meant that public employers were among the employers to which ORS 656.019(2)(a) applies).
That express definition, standing alone, precludes the conclusion that the legislature intended the word "employer" in ORS 659A.199 to exclude public employers. Couch , 341 Or. at 622, 147 P.3d 322 ("[t]he Court of Appeals erred in fashioning a definition for [a statutorily defined] term that deviated from the text of" the statutory definition). But even if there were more to the inquiry than simply accepting the legislature's explicit definition of the term "employer," the context of ORS 659A.199 would require the same conclusion. That context demonstrates that, when the legislature intends for a provision of ORS chapter 659A to apply to a particular subset of employers, it says so expressly. Throughout ORS chapter 659A, the legislature routinely has announced when it intends for a particular provision, or set of provisions, to apply to a limited category of those persons and entities that fall within the broad definition of employer in ORS 659A.001.[1] The legislature did not do the *567 same with respect to ORS 659A.199, and it is not our role to displace that legislative choice by crafting a different, specialized definition of "employer" for purposes of that provision: "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]" ORS 174.010 ; Couch , 341 Or. at 622, 147 P.3d 322.
Notwithstanding those obstacles to its proposed interpretation of ORS 659A.199, the county urges us to conclude the contrary. In support of that argument, the county points to a slew of published and unpublished decisions from *467 the United States District Court for the District of Oregon holding or suggesting that ORS 659A.199 applies only to private employers, including Lindsey v. Clatskanie People's Utility District , 140 F. Supp. 3d 1077, 1095 (D. Or. 2015) (concluding that ORS 659A.199 does not apply to public employers because "[t]he legislative history establishes that ORS 659A.199 does not apply to public employers"); Reynolds v. City of Eugene , 937 F. Supp. 2d 1284, 1296 (D. Or. 2013) (indicating that the court was "inclined to agree" that ORS 659A.199 did not apply to public employers but that "the interpretation of a state statute is best left to a state court").
We are not bound by the decisions of the United States District Court for the District of Oregon. For that matter, we are not bound by any federal court's interpretation of an Oregon statute. Beyond that, the decisions on which the county relies do not appear to adhere to the statutory construction methodology adopted by the Oregon Supreme Court, although, under Ninth Circuit precedent, they should have. Brunozzi v. Cable Communications, Inc. , 851 F.3d 990, 998-99 (9th Cir. 2017) ("Our role when interpreting a state statute as a matter of first impression is to determine what meaning the state's highest court would give to the law. Thus, we must follow the state's rules of statutory interpretation." (Internal quotation marks and citations omitted.)). In particular, those decisions appear to turn on an analysis of legislative history, rather than statutory text and context, reflecting an underappreciation of the principle that, "[w]hen the text of a statute is truly capable of having only one meaning, no weight can be given to legislative history that suggests-or even confirms-that legislators intended something different." Gaines , 346 Or. at 173, 206 P.3d 1042.
Moreover, a review of the relevant legislative history calls into question the district court's analysis. Although the district court was correct to observe that the primary purpose of the statute was to provide protections against whistleblower retaliation to employees of private employers comparable to the protections already afforded to employees of public employers under ORS 659A.203, we have found nothing in the legislative history of ORS 659A.199 indicating that the legislature intended that ORS 659A.199 would not also apply to employees of public employers.
*468 The county also argues that it is inferable that the legislature did not originally intend ORS 659A.199 to apply to public employers because, at the time it was enacted, ORS 659A.203(1)(b) already protected public employees against retaliation for reporting certain illegal activity. But ORS 659A.199 affords protection against retaliation for a broader range of reporting conduct than does ORS 659A.203(1)(b), the provision that applies strictly to public employers. ORS 659A.199 guards against retaliation "for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation." By its terms, then, the provision protects good faith reports of any illegal activity and does not require that the reported activity be attributable to the employer. Thus, for example, the statute protects an employee who reports illegal conduct by a fellow employee, even if that conduct could not be deemed to be conduct of the employer itself. By contrast, *568 ORS 659A.203(1)(b) safeguards against retaliation for reports of illegal and other inappropriate conduct by a "public or nonprofit employer ." (Emphasis added.) Given the text and context of ORS 659A.199, it is reasonable to think that, in enacting it, the legislature intended both to provide protections against retaliation to the employees of private employers and to supply additional protections to employees of public employers.[2]
In sum, the trial court correctly concluded that ORS 659A.199 applies to public employers and, thus, did not err in denying the county's motion for a directed verdict on that claim. As explained above, because the case properly went to the jury on plaintiff's theory of liability under ORS 659A.199, we need not address whether the court erred in any respect in instructing the jury on plaintiff's claim under ORS 659A.203. Having already rejected the county's remaining assignment of error, we affirm.
Affirmed.

ORS 659A.090(2) (specially defining "employer" for purposes of ORS 659A.090 to 659A.099 ); ORS 659A.106 (explaining that "[t]he requirements of ORS 659A.112 to 659A.139 apply only to employers who employ six or more persons" and do not apply to the Oregon National Guard); ORS 659A.150(1) and ORS 659A.153 (identifying "covered employer[s]" for purposes of ORS 659A.150 to 659A.186 ); ORS 659A.190(1) (identifying "covered employer[s]" for purposes of ORS 659A.190 to 659A.198 ); ORS 659A.200(6) (defining "public employer" for purposes of ORS 659A.200 to 659A.224 ); ORS 659A.270(1) (identifying "covered employer[s]" for purposes of ORS 659A.270 to 659A.285 ).

We note that, subsequent to the events that gave rise to this case, the legislature amended ORS 659A.203 (2010) to specifically refer to the fact that public employees are covered by ORS 659A.199, in addition to ORS 659A.203. ORS 659A.203(3) (2017) provides that "[t]he remedies provided by this section are in addition to any remedy provided to an employee under ORS 659A.199 or other remedy that may be available to an employee for the conduct alleged as a violation of this section." Or. Laws 2016, ch. 73, § 4(3).