Argued and submitted November 5, 2020, limited judgment dismissing claims against WCM Industries, Inc., dba Watco Manufacturing Company reversed and remanded July 8, 2021

WATERFRONT PEARL CONDOMINIUM
OWNERS ASSOCIATION,
an Oregon nonprofit corporation,
*Plaintiff-Appellant,*

*v.*

WATERFRONT PEARL
LIMITED PARTNERSHIP,
a Delaware limited partnership; et al.,
*Defendants,*

*and*

WCM INDUSTRIES, INC.,
a Colorado corporation,
dba Watco Manufacturing Company,
*Defendant-Respondent.*

WATERFRONT PEARL
LIMITED PARTNERSHIP,
a Delaware limited partnership,
*Third Party Plaintiff,*

*v.*

MCA ARCHITECTS, P. C.,
an Oregon professional corporation,
*Third Party Defendant.*

STARLINE WINDOWS, INC.,
a Washington corporation,
*Third Party Plaintiff,*

*v.*

WINDOW INSTALLATION SPECIALISTS, INC.,
a Washington corporation; et al.,
*Third Party Defendants.*

STARLINE WINDOWS LTD.,
fka Starline Architectural Windows LTD.,
a Canadian entity,
*Third Party Plaintiff,*

*v.*

WINDOW INSTALLATION SPECIALISTS, INC.,
a Washington corporation; et al.,
*Third Party Defendants.*

HOFFMAN CORPORATION,
dba Hoffman Construction Company,
an Oregon corporation; et al.,
*Third Party Plaintiffs,*

*v.*

HYDRO EXTRUSION PORTLAND, INC.,
fka SAPA, Inc.,
dba The Becker Company, a corporation,
*Third Party Defendant.*

ALLNEX USA, INC.,
a Delaware corporation; et al.,
*Fourth Party Plaintiffs,*

*v.*

VITRUM INDUSTRIES, LTD.,
a Canadian entity,
*Fourth Party Defendant.*

Multnomah County Circuit Court
18CV12952; A171847

494 P3d 367

Asserting four assignments of error, plaintiff, Waterfront Pearl Condominium Owners Association, argues that the trial court erred in granting summary judgment to defendants, WCM Industries, Inc., dba Watco Manufacturing Company, whom plaintiff alleged supplied and delivered tub shoes—a plumbing component used to drain water from a bathtub—that failed and caused property damage. *Held*: On this record, there was a genuine issue of material fact as to whether plaintiff knew, or reasonably should have known, of the nature of the tortious conduct and the identity of the tortfeasor.

Limited judgment dismissing claims against WCM Industries, Inc., dba Watco Manufacturing Company reversed and remanded.

Melvin Oden-Orr, Judge.

Anthony L. Rafel argued the cause for appellant. Also on the briefs was Rafel Law Group PLLC.

Thomas A. Ped argued the cause for respondent. Also on the brief was Williams Kastner.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.*

JAMES, J.

Limited judgment dismissing claims against WCM Industries, Inc., dba Watco Manufacturing Company reversed and remanded.

_____

\* Kamins, J., *vice* Haselton, S. J.

**JAMES, J.**

Plaintiff, Waterfront Pearl Condominium Owners Association, an Oregon nonprofit corporation, brought an action against multiple defendants for water damage suffered by its members' condominiums. Among the defendants sued was defendant WCM Industries, Inc., dba Watco Manufacturing Company, whom plaintiff alleged supplied and delivered tub shoes—a plumbing component used to drain water from a bathtub—that failed and caused property damage. The trial court granted summary judgment dismissing plaintiff's complaint against Watco on the ground that plaintiff's claims were time-barred under the discovery rule applicable to the two-year statute of limitations. On appeal, plaintiff raises a number of arguments—all alternative or related reasons why the matter should have survived summary judgment and proceeded to a jury. We agree with plaintiff that, on this record, there was a genuine issue of material fact as to whether plaintiff knew, or reasonably should have known, of the nature of the tortious conduct and the identity of the tortfeasor. We reverse.

Plaintiff's first assignment of error challenges the source of law for the applicable statute of limitations in this case. That is a question of law reviewed for errors of law. *Burley v. Clackamas County*, 298 Or App 462, 464, 446 P3d 564, *rev den*, 365 Or 721 (2019).

We agree with plaintiff that, based on the allegations framed in the complaint, ORS 12.110(1) controls and that the trial court erred in concluding that ORS 30.905, applicable to products liability, governs. "A construction defect claim for damage to the property itself is subject to the two-year limitations period of ORS 12.110, unless another limitations period 'especially enumerated' in ORS chapter 12 applies." *Goodwin v. Kingsmen Plastering, Inc.*, 359 Or 694, 714, 375 P3d 463 (2016).

Plaintiff's second assignment of error argues that the trial court misapplied the discovery rule, erroneously ruling that plaintiff discovered its injury before December 18, 2015, and that its claims against defendant were time-barred. We agree.

ORS 12.110(1)—the applicable statute of limitations here—provides:

> "An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

An "injury" is discovered when a plaintiff knows or should have known of the existence of three elements: (1) harm; (2) causation; and (3) tortious conduct. *Doe v. Lake Oswego School District*, 353 Or 321, 328, 297 P3d 1287 (2013); *Htaike v. Sein*, 269 Or App 284, 295, 344 P3d 527, *rev den*, 357 Or 595 (2015). We calculate the running of a statute of limitations from the point in time "'when the plaintiff knows or, in the exercise of reasonable care, should have known facts that would make a reasonable person aware of a substantial possibility that each of the elements of a claim exists.'" *Doe*, 353 Or at 333 (quoting *Kaseberg v. Davis Wright Tremaine, LLP*, 351 Or 270, 278, 265 P3d 777 (2011)). We consider the facts from the perspective of a reasonable person in the circumstances of the plaintiff. *Id.*

A plaintiff must have had "a reasonable opportunity to discover his injury and the identity of the party responsible for that injury." *Id.* at 327 (internal quotation marks and emphasis omitted). "Injury" means that which "'formed the basis for an action, *i.e.*, legally cognizable harm,'" and a "harm is legally cognizable if it is the result of tortious conduct." *Id.* at 328 (quoting *Gaston v. Parsons*, 318 Or 247, 254-55, 864 P2d 1319 (1994)). Thus, a reasonable plaintiff must discover "not only the conduct of the defendant, but also *** the tortious nature of that conduct." *Id.* at 331. For a plaintiff to reasonably know of the nature of the tortious conduct generally requires knowledge of the identity of the tortfeasor. *Johnson v. Mult. Co. Dept. Community Justice*, 344 Or 111, 118 n 2, 178 P3d 210 (2008).

Generally, the factual determination of when a reasonable person would have been aware of the substantial possibility of the elements of a claim is a jury question.

"Application of the discovery accrual rule is a factual issue for the jury unless the only conclusion a reasonable jury could reach is that plaintiff knew or should have known the critical facts at a specified time and did not file suit within the requisite time thereafter." *T. R. v. Boy Scouts of America*, 344 Or 282, 296, 181 P3d 758, *cert den*, 555 US 825 (2008).

Here, although the record shows that plaintiff knew that there was water leaking around the tub shoes, on this record, there is a genuine issue of material fact as to whether plaintiff knew or should have known why the leaking was occurring, or whose tortious conduct was the cause. As we explored with the parties at oral argument, there were multiple potential causes: Was it a defect in the tub shoes themselves, or were incorrect sizes or models of tub shoes installed? Was the problem how the tub shoes were installed, *i.e.*, had they been damaged during the installation? Was the problem the bathtub, fixtures, or plumbing connected to the tub shoes? Each of these potential causes would point to potentially different actors—general contractors, subcontractors, architects, or product manufacturers. Additionally, the record shows that a plumber replaced the tub shoes at some point, but effectuated that repair using, once again, incorrectly sized tub shoes. As plaintiff notes, "[i]f the plumber that replaced failed tub shoes did not know until spring 2016 that the original 21-inch tub shoe was too short for the bathtubs, the Association certainly had no reason to know it." In short, because there is a genuine issue of material fact as to what, if anything, plaintiff knew or should have known of the nature of the tortious conduct, or the identities of the potential actors, summary judgment was inappropriate in this case. Our conclusion on this point obviates the need to address plaintiff's remaining assignments of error.

Limited judgment dismissing claims against WCM Industries, Inc., dba Watco Manufacturing Company reversed and remanded.