NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HUI XU, an individual,

      Plaintiff-Appellant,

  v.

LIGHTSMYTH TECHNOLOGIES, INC., a
Delaware corporation; FINISAR
CORPORATION, a Delaware corporation,

      Defendants-Appellees.

No.   23-35423

D.C. No. 6:20-cv-01201-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted August 20, 2024
Portland, Oregon

Before: CHRISTEN and NGUYEN, Circuit Judges, and EZRA,[**] District Judge.

Hui Xu appeals the district court's order granting summary judgment to her

employer LightSmyth Technologies, Inc., and its parent company Finisar Corp., on

Xu's claims under Title VII of the Civil Rights Act of 1964, the Americans with

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

Disabilities Act ("ADA"), and Oregon state law.  Xu also appeals the district court's imposition of sanctions due to discovery misconduct.

Because the parties are familiar with the facts, we do not recount them here. We review de novo the district court's order granting summary judgment.  *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).  We view the evidence in the light most favorable to Xu and determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law.  *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).  As a separate matter, we "review the district court's … imposition of discovery sanctions … for abuse of discretion."  *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011).

Because the district court applied the wrong standard to Xu's Title VII discrimination claim and retaliation claim, we vacate and remand the district court's judgment to consider the pleadings under the proper standard as detailed below.  We also remand the state-law whistleblower claim, which should be considered independently from the state-law retaliation claim.  We affirm in all other respects the district court's order dismissing Xu's hostile work environment, wrongful discharge, and disability discrimination claims.  We also affirm the district court's imposition of sanctions.

I.      Title VII Discrimination versus Title VII Retaliation

On April 17, 2024, the Supreme Court held, in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024), that Title VII discrimination claims do not require any heightened requirement of a "material" or "tangible" impact.  The Court interpreted Title VII's relevant text (to "discriminate against" an employee in the "terms" or "conditions" of employment) as requiring an employee to prove only that a challenged action caused the employee "some harm respecting an identifiable term or condition of employment." *Id.* at 354–55.  The Court added that an action can violate Title VII even if it does not cause a "*significant*" injury to the employee. *Id.* at 355 (emphasis added).  Applying this test, the Court held that an alleged sex-based discriminatory transfer qualified as a "'disadvantageous' change in an employment term or condition." *Id.* at 354, 359 (citation omitted).

The *Muldrow* Court noted how discrimination claims differ from retaliation claims. *Id.* at 357–58.  Under the retaliation provision, an employer may not take action against an employee for bringing or aiding a Title VII charge. *See* § 2000e–3(a).  Citing *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), the Court found that the retaliation provision applies only when the retaliatory action is "materially adverse," meaning that it causes "significant" harm.  601 U.S at 357–58.  The defendant in *Muldrow* suggested the Court apply the retaliation standard to the anti-discrimination provision. *Id.*  This request was

3

rejected by the Court. *Id.* Indeed, the Court noted that *White* adopted the standard for reasons peculiar to the retaliation context. *Id.* at 357. The test was meant to capture those employer actions serious enough to "'dissuade[ ] a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *White*, 548 U.S. at 58). Importantly, the Court found that no such reasoning is applicable to the discrimination bar. *Id.* at 357–58. Title VII's anti-discrimination provision prevents injury to individuals based on status without distinguishing between significant and less significant harms. *Id.* at 358.

In light of *Muldrow*, a remand is appropriate for the Court to reconsider the discrimination claims without requiring Xu to show a "material" or "tangible" impact.

Moreover, the district court erred in not analyzing the discrimination and retaliation claims under two distinct standards. *See, e.g.*, *Maxwell v. Kelly Servs., Inc.*, 730 F. Supp. 2d 1254, 1267 (D. Or. 2010) (analyzing discrimination and retaliation claims separately).

For purposes of a retaliation claim, the plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it might well have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *White*, 548 U.S. at 68. A determination as to whether an action is materially adverse "depends upon the circumstances of the

4

particular case, and 'should be judged from the perspective of a reasonable person in the plaintiff's position.'" *Id*. at 71 (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)).

Because retaliation claims have a different scope of actionable conduct, the district court erred by not conducting a separate analysis. The Supreme Court has explained that the scope of actionable conduct under Title VII's anti-discrimination provision is "not coterminous" with that which is actionable under Title VII's anti-retaliation provision. *White*, 548 U.S. at 67; *see also Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1021 (9th Cir. 2018) (noting that "Title VII retaliation claims may be brought against" a different "range of employer conduct than substantive claims of discrimination"). In a singular inquiry adopting the pre-*Muldrow* Title VII's anti-discrimination standard and relying on disparate treatment caselaw, the district court concluded that Xu's performance review "does not amount to an adverse employment action" for her retaliation claim. Shortly thereafter, the district court considered in a singular inquiry whether the offer of severance constituted actionable "discrimination or retaliation."

On remand, the district should apply *Muldrow* to the discrimination claim and the retaliation standard outlined above to Xu's retaliation claim under Or. Rev.

Stat. § 659A.030(1)(f).[1]  Further, in a retaliation claim, the plaintiff must engage in a protected activity and demonstrate a causal link exists between the protected activity and the adverse employment action, *Manatt v. Bank of Am.*, 339 F.3d 792, 801 (9th Cir. 2003) (citation omitted), so the district court should also consider whether Xu showed causation through temporal proximity between Xu's February 25, 2018, letter and the March 26, 2018, change in Xu's status from "Supply Chain Manager" to "Manufacturing Technician."  *See Bell v. Clackamas Cnty.*, 341 F.3d 858, 865–66 (9th Cir. 2003) ("Temporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation in some cases.").

II.   Oregon State Law Claims

We also remand Xu's whistleblower claim under Or. Rev. Stat. § 659A.199. The whistleblower claim under Or. Rev. Stat. § 659A.199 must be analyzed separately from Xu's retaliation claim under Or. Rev. Stat. § 659A.030(1)(f).  The district court erred in not addressing the whistleblower claim as distinct from the retaliation claim.

---

[1] Xu brought her retaliation claim under Oregon law rather than Title VII, but courts construe Oregon's anti-retaliation provision as "directly analogous" to Title VII's anti-retaliation provision.  *Howard v. City of Coos Bay*, 871 F.3d 1032, 1049–50 (9th Cir. 2017) (citing *Portland State Univ. Chapter of Am. Ass'n of Univ. Professors v. Portland State Univ.*, 291 P.3d 658, 667 (Or. 2012) (en banc)); *see McLaughlin v. Wilson*, 449 P.3d 492, 501 (Or. 2019) (characterizing actionable retaliation as "identical" under Oregon law and Title VII).

6

It is true that courts analyze Oregon retaliation claims together with Title VII retaliation. *See*, *e.g.*, *Meyer v. State ex rel. Or. Lottery*, 292 Or. App. 647, 678 (2018). However, the same cannot be said for whistleblower claims under Or. Rev. Stat. § 659A.199. *See Burley v. Clackamas Cnty.*, 298 Or. App. 462, 465–66 (2019) (explaining that Or. Rev. Stat. § 659A.199 claims are statutory claims whose elements derive from the text of the statute, not federal caselaw).

The retaliation statute and the whistleblowing statute cover different categories of conduct. The retaliation statute covers conduct that "well might dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." *White*, 548 U.S. at 68. "But the whistleblowing statute covers only a subset of that conduct; specifically, it covers conduct that relates to the 'terms, conditions, or privileges of employment.'" *Summerfield v. Oregon Liquor Control Comm'n*, 366 Or. 763, 782–83 (2020) (quoting Or. Rev. Stat. § 659A.199(1)). Also, the whistleblowing statute requires only the reporter's "good faith" belief in the illegality of the reported conduct. Or. Rev. Stat. § 659A.199(1).

Or. Rev. Stat. § 659A.199 (the whistleblower statute) should be analyzed separately from Or. Rev. Stat. § 659A.030(1)(f) (the retaliation statute) as the two claims can produce divergent results. *See*, *e.g.*, *Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1097 (D. Or. 2015). As such, trial courts should

be clear about the differences between the elements of a retaliation claim under Or. Rev. Stat. § 659A.030(1)(f) and a whistleblowing claim under Or. Rev. Stat. § 659A.199. *See Summerfield*, 366 Or. at 782–83.

III. Remaining Claims

We affirm the rest of the district court's order dismissing Xu's hostile work environment, wrongful discharge, and disability discrimination claims. The district court properly found that Xu did not provide facts indicating "severe or pervasive" incidents of harassment to bring a hostile work environment claim. The district also properly found that Xu could not prevail on a wrongful discharge claim because she voluntarily decided to not return to work after taking unpaid leave. Finally, we affirm the district court's decision to dismiss Xu's ADA claim because Appellees engaged in an "interactive process" and provided all accommodations required by law.

IV. Sanctions

On February 27, 2023, the district court entered a sanctions order for discovery misconduct after Xu refused to honor her promises within the Search Protocol Agreement.

We affirm the district court's decision to impose sanctions under Rule 37(c), which states that if a party fails to provide discoverable information as required by Rule 26(a) or (e), a court, after providing an opportunity to be heard, "may order

8

payment of the reasonable expenses, including attorney's fees, caused by the failure," or "may impose other appropriate sanctions" against the party. Fed. R. Civ. P. 37(c)(1). The district court did not abuse its discretion when it found that Xu attempted to conceal relevant communications during discovery and ordered her to reimburse Defendants' resulting costs and fees.

Accordingly, we affirm in part, vacate in part, and remand for further proceedings consistent with this disposition.

**AFFIRMED in part, VACATED in part, and REMANDED.**