No. 814 November 14, 2024 195

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Linda A. SEATER,
*Plaintiff-Appellant,*

*v.*

KLAMATH IRRIGATION DISTRICT,
*Defendant-Respondent.*

Klamath County Circuit Court
19CV34752; A178647

Dan Bunch, Judge.

Argued and submitted February 2, 2024.

James L. Buchal argued the cause for appellant. Also on the briefs was Murphy & Buchal LLP.

Matthew J. Kalmanson argued the cause for respondent. On the brief were Blake H. Fry and Hart Wagner LLP.

Before Shorr, Presiding Judge, Pagán, Judge, and Mooney, Senior Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

Plaintiff appeals from a judgment dismissing her unlawful employment practice claims against defendant, Klamath Irrigation District (KID). Plaintiff alleged in her complaint that she was subjected to numerous adverse employment actions and eventually discharged in retaliation for her complaints of unlawful actions and mismanagement by KID. The trial court granted defendant's motion for summary judgment on the basis that plaintiff expressed her concerns directly to the managers who were the alleged wrongdoers, and thus the complaints could not be deemed to be disclosures entitled to whistleblower protection. On appeal, plaintiff maintains that the trial court erred in granting summary judgment because (1) it misinterpreted the applicable statutes when it concluded that internal reports to the offending managers did not qualify for whistleblower protection; and (2) it overlooked evidence that plaintiff reported wrongdoing to other individuals beyond the responsible managers. We conclude that the trial court erred in its interpretation of the applicable statutes, and we therefore reverse and remand.

In reviewing a disposition on summary judgment, we state the facts in the light most favorable to the non-moving party, plaintiff, drawing all reasonable inferences in her favor. ORCP 47 C. "Accordingly, where the record could reasonably support either party's version of events, we state the facts as described by plaintiff." *Huber v. Dept. of Education*, 235 Or App 230, 232, 230 P3d 937 (2010). However, because our resolution turns on statutory interpretation, we only briefly summarize the facts.

Plaintiff was employed at KID as a bookkeeper and office manager. Over a period of time, plaintiff raised numerous issues with management about the way KID was being run, including alleging that it was not complying with the KID Board policies and other laws, rules, and regulations. The complaints covered a range of topics, including the delivery of water to delinquent accountholders, problems with the way employee time was being calculated, the improper execution of official documents, the collection or waiver of fees for another water district, balancing of the

petty cash fund, noncompliance with procurement regulations, the implementation of new accounting software, and the comingling of distinct accounts. Over the same period, plaintiff was subjected to multiple adverse employment actions, including the alteration of her duties, formal reprimands, being placed on administrative leave, and ultimately being terminated. Following her termination, plaintiff filed an action for unlawful employment practices under Oregon's whistleblower statutes, ORS 659A.199 and ORS 659A.203, alleging that the adverse employment actions were retaliation for her reports of problems and insistence upon compliance.

Defendant moved for summary judgment, alleging that there were no genuine issues of material fact and that plaintiff had not alleged evidence to support the elements of her claims, specifically asserting that plaintiff's allegations did not constitute whistleblowing activities and that there was no temporal connection between the alleged protected activity and the adverse employment actions. Following a hearing on summary judgment, the trial court requested supplemental briefing on the issue of whether a disclosure made directly to the alleged wrongdoer was actionable under the whistleblower statutes. Both parties submitted supplemental briefing on that issue.

The trial court issued a letter opinion, in which it concluded that, viewing the evidence in the light most favorable to plaintiff, many of her allegations would constitute whistleblowing activity, due to the actions being arguably unlawful, indicative of mismanagement, or matters of public concern; however, because her complaints were made internally directly to the managers who were the alleged "wrongdoers," the court concluded that they did not qualify as "disclosures" entitled to whistleblower protection. The court relied on federal case law, including *Lindsey v. Clatskanie People's Util. Dist.*, 140 F Supp 3d 1077 (D Or 2015) and *Shultz v. Multnomah County*, No 08-CV-886-BR, 2009 WL 1476689 (D Or May 27, 2009), in reaching its conclusion. The court therefore granted defendant's motion for summary judgment on all of plaintiff's claims and issued a judgment to that effect. Plaintiff brought this appeal.

ANALYSIS

Plaintiff raises two arguments, one legal and one factual. Because we reverse and remand on the legal issue, we do not reach the factual dispute. Plaintiff asserts that the trial court erred by concluding that statements made directly to a manager involved in the alleged wrongdoing do not qualify as disclosures for whistleblower protection. We review the trial court's interpretation of a statute for errors of law and note that we are not bound by decisions of the federal courts interpreting Oregon statutes. *Burley v. Clackamas County*, 298 Or App 462, 464, 467, 446 P3d 564, *rev den*, 365 Or 721 (2019). We follow our well-established methodology of reviewing the statutory text and context, and any helpful legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

ORS 659A.203 states that it is an unlawful employment practice for any public or nonprofit employer to:

"(b)   Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:

"(A)   A violation of any federal, state or local law, rule or regulation by the public or nonprofit employer;

"(B)   Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the public or nonprofit employer[.]"

The issue before us revolves around the word "disclosure," and whether a report to a manager involved in the alleged wrongdoing qualifies as a disclosure.

The trial court relied on the interpretation of the statute set forth in *Lindsey*. In *Lindsey*, the United States District Court for the District of Oregon specifically held that "alerting a wrongdoer that his own conduct is unlawful does not fall under the protection of ORS 659A.203." 140 F Supp 3d at 1094. Relying on other federal court cases, the district court noted that a "disclosure" only extends to reports of previously unavailable information, and that "'it is insufficient to merely identify or label conduct which is

known to have occurred as either unlawful or improper.'" *Id.* at 1092-93 (quoting *Hutton v. Jackson County*, No 09-3090-CL, 2010 WL 4906205 (D Or Nov 23, 2010), *aff'd*, 472 Fed Appx 568 (9th Cir 2012)).

We have previously declined to follow the analysis on another statute set forth in *Lindsey* because the opinion "[did] not appear to adhere to the statutory construction methodology adopted by the Oregon Supreme Court, although, under Ninth Circuit precedent, they should have." *Burley*, 298 Or App at 467 (citing *Brunozzi v. Cable Communications, Inc.*, 851 F3d 990, 998-99 (9th Cir 2017)). We similarly conclude here that the portion of *Lindsey* analyzing the meaning of "disclosure" in ORS 659A.203 is not rooted in the *Gaines* methodology, and therefore we decline to follow it.

Rather, we conclude that resolution of this issue is controlled by our analysis set forth in *Bjurstrom v. Oregon Lottery*, 202 Or App 162, 120 P3d 1235 (2005). In that case we analyzed the word "disclosure" as it is used in ORS 659A.203 in deciding the question of whether a disclosure could include internal agency reports, as opposed to only external ones. *Id.* at 169-71. We examined the text and context of the use of "disclosure," noting:

> "In common usage, the term 'disclose' may be understood to mean, in a general sense, 'to make known' or to 'open up to general knowledge.' *Webster's Third New Int'l Dictionary* 645 (unabridged ed. 2002). Based on its context, one might argue that the statute is designed to protect those who make disclosures to an audience *external* to the agency. * * * Further, in the popular conception, a 'whistleblower' is typically a person who discloses internal misconduct to an *external* entity such as a newspaper or an investigating commission."

*Id.* at 169. We went on to note:

> "However, ORS 659A.203(1)(b) protects 'disclosure' without limitation, and we must not add limitations that the legislature has omitted. ORS 174.010. In addition, ORS 659A.221(2), also part of the Whistleblower Law, explicitly authorizes the public employer to establish rules requiring the whistleblower to report wrongdoing to immediate supervisors first, but in those circumstances, 'the employer

> must protect the employee against retaliatory or disciplinary action.' Thus, it seems that the drafters contemplated the possibility of retaliation against employees who voiced their complaints either within the agency or department, or to others outside."

*Id.* We further examined the legislative history of ORS 659A.203, noting testimony that alerted the legislature to the possibility of retaliation for internal agency reports and finding no indication that there were legislative efforts to limit the protected actions to extra-agency disclosures of wrongdoing. *Id.* at 169-71. We concluded in that case that internal reports of wrongdoing were included as "disclosures" under the statute. *Id.* at 171.

The same rationale applies to the matter at hand. Although defendant's argument that one cannot disclose information about wrongdoing to the perpetrator carries logical appeal when considering the common usage of the word "disclose," the statute contains no language that indicates that a disclosure must be made—or not be made—to any particular individual, and we must not add limitations that the legislature has not included. ORS 174.010. As noted above in *Bjurstrom*, ORS 659A.221 allows public employers to establish an optional procedure whereby an employee may disclose information first to the supervisor, "or if the supervisor is involved, to the supervisor next higher," and provides that the employee must be protected against retaliation by any supervisor for such disclosure. That statute was enacted as part of the same bill that established ORS 659A.203. *See* Or Laws 1989, ch 890, § 9. The possibility of an employee going directly to a supervisor to correct what could possibly be merely an oversight, and those discussions being deserving of whistleblowing protection, was discussed during hearings on the legislation. Tape Recording, Senate Labor Committee, SB 1051, Mar 13, 1989, Tape 63, Side B. We conclude that it would be counterintuitive to read the statute as providing protection for an employee who discloses wrongdoing by a manager to a higher-up, but not to protect the employee who goes directly to the offending manager, particularly if that manager was in a position to take adverse employment actions against the employee in retaliation for highlighting the wrongdoing.

We therefore conclude that the trial court erred in granting defendant's motion for summary judgment on plaintiff's claim under ORS 659A.203 on the basis that a communication made directly to a "wrongdoer" manager does not qualify as a "disclosure" entitled to whistleblower protection.

We similarly conclude that the trial court erred in granting summary judgment with respect to plaintiff's claim under ORS 659A.199. ORS 659A.199 states:

> "(1)  It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith *reported* information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

(Emphasis added.) We note that ORS 659A.199 and ORS 659A.203 use different language: disclosing versus reporting. *See Folz v. ODOT*, 287 Or App 667, 672-75, 404 P3d 1036 (2017), *rev den*, 362 Or 482 (2018) (analyzing claims under each statute for qualifying "disclosures" or "reports"). The trial court's decision to grant defendant's motion for summary judgment was based on its conclusion that plaintiff's statements did not constitute "disclosures," applying federal case law on that issue that only applied to ORS 659A.203. *See Lindsey*, 140 F Supp 3d at 1091-94 (citing *Schultz*, 2009 WL 1476689, at *13-14). However, we recently noted that "reports" and "disclosures" are synonymous. *McClusky v. City of North Bend*, 332 Or App 1, 12 & n 4, 549 P3d 557, *rev den*, 372 Or 812 (2024) (citing analysis contained in *Folz* and *Bjurstrom*).[1] Therefore, the trial court erred in dismissing plaintiff's ORS 659A.199 claim on the same basis.

Because we conclude that the trial court erred in dismissing plaintiff's claims on the basis that the reports were made directly to the wrongdoer and reverse and remand on that basis, we need not reach plaintiff's alternative argument that the trial court overlooked evidence that

---

[1]  We note also that the parties have not developed any meaningful argument analyzing the meaning of ORS 659A.199, distinct from their arguments about the meaning of "disclosure."

she raised her complaints to other qualifying individuals apart from the managers in question.

Finally, we briefly address defendant's argument that, even assuming plaintiff directed some criticisms to an appropriate party, we should nevertheless affirm the trial court's decision on the alternative basis defendant raised on summary judgment below that plaintiff did not make any protected disclosures about subjects deserving of whistleblower protection.[2] Defendant asserts that plaintiff merely expressed opinions or concerns, rendered advice, or made recommendations or general references to perceived violations of rules, none of which rise to the level of a violation of the law, or mismanagement, gross waste of funds, or abuse of authority.

We reject that argument. In reviewing the grant of a motion for summary judgment, we view the facts in the light most favorable to the non-moving party, in this case plaintiff, and summary judgment is only appropriate if there is no genuine issue as to any material fact and the moving party is entitled to prevail as a matter of law. ORCP 47 C. Defendant's argument for affirmance on this alternative basis rests on its characterization of the facts. However, viewing the facts in the light most favorable to plaintiff, as the trial court did below, many of plaintiff's assertions involve unlawful actions or are indicative of mismanagement or gross waste of funds.[3] The competing interpretations of the facts make summary judgment improper on this basis, and thus not an alternative reason to affirm the trial court's dismissal of plaintiff's claims.

Reversed and remanded.

---

[2] When an alternative argument in support of summary judgment was made in the trial court and "is properly presented again on appeal and raises a question of law, we may simply resolve it[.]" *Sherertz v. Brownstein Rask*, 314 Or App 331, 341, 498 P3d 850 (2021), *rev den*, 369 Or 338 (2022) (explaining that, when an issue was preserved but not decided in the trial court and is raised again on appeal, it is appropriate for us to decide it, and remand is typically unnecessary for the trial court to decide it only if it requires factual findings from conflicting evidence, an exercise of discretion, or the like).

[3] Even if some of plaintiff's alleged facts did not constitute protected whistleblowing activity, the individual facts are not separate claims. Plaintiff filed one claim under ORS 659A.199 and one claim under ORS 659A.203, alleging a complex fact pattern of a systemic, years-long dispute that ultimately resulted in her termination.