No. 1047          December 3, 2025          453

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

YOUR HOUSE LLC,
*Petitioner,*

*v.*

BUREAU OF LABOR AND INDUSTRIES,
*Respondent.*

Oregon Bureau of Labor and Industries
5722;
A182082

Argued and submitted October 28, 2025.

Kent Hickam argued the cause and filed the briefs for petitioner.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Your House LLC (Your House) appeals from the Bureau of Labor and Industries (BOLI)'s final order finding that it violated whistleblowing statutes. Your House, a property management company owned by Kip Schoning, hired Olivia Maurer as an administrative assistant. Maurer became concerned about the legality of a project she was working on with Kip's wife, Michelle, and informed Michelle of her concerns. The following Monday, Maurer's employment was terminated. Maurer filed a retaliation complaint with BOLI, which determined that Your House violated whistleblowing statutes. Your House filed a petition for judicial review. BOLI then withdrew its final order and subsequently issued a final order on reconsideration, clarifying its findings. Your House appeals from that order, raising five assignments of error. The first two challenge factual findings. The third challenges BOLI's legal conclusion that Your House violated ORS 659A.199. The fourth and fifth challenge the damages awarded. We affirm.

We review BOLI's legal conclusions for legal error and its factual findings and final order for substantial evidence. ORS 183.482(8)(a); ORS 183.482(8)(c). "[I]f a reasonable person on the evidence in the record could draw the inference [reached by BOLI], the Commissioner's decision on the facts must prevail, no matter what the court might believe from the evidence." *City of Portland v. Bureau of Labor and Ind.*, 298 Or 104, 119, 690 P2d 475 (1984) (explaining the standard of review under ORS 183.482(8)(c)).

Your House's first and second assignments of error challenge factual findings. First, Your House argues that there was not substantial evidence supporting the finding that Michelle assigned Maurer tasks and had the apparent and actual authority to direct Maurer's performance. However, Maurer testified that she reported to Michelle and considered her a supervisor; Michelle directed Maurer to perform multiple tasks; Maurer reported her concerns about a project's legality to Michelle, not Kip; and Michelle terminated Maurer's employment. Those facts amount to substantial evidence to support the finding that Michelle assigned Maurer tasks to perform and had the apparent and actual

authority to direct Maurer's performance. *See, e.g., James E. Frick, Inc. v. Employment Div.*, 101 Or App 188, 194, 790 P2d 33 (1990) (substantial evidence supported a factual finding where one witness's testimony supported the finding).

In its second assignment of error, Your House argues that the record lacked substantial evidence to support the finding that Kip did not bring his concerns about Maurer's performance to her attention. Your House contends that Kip raised concerns about Maurer's performance with her twice: when he noted a $50 discrepancy in funds recorded and received, and when he was upset by Maurer telling him she felt that he was speaking to her in an inappropriate manner in front of a client. However, neither the $50 discrepancy nor Maurer's confrontation were raised as performance issues prior to Maurer's termination. For the $50 discrepancy, Kip only told Maurer about it and said, "that's too bad," not directly accusing or reprimanding Maurer. Similarly, when Maurer confronted Kip, he got very upset and hung up on Maurer, but even then, he did not raise any issue with Maurer's job performance. Viewing this record as a whole, there is substantial evidence to support the finding of fact. *See Green Thumb Landscape and Maintenance v. BOLI*, 304 Or App 349, 351, 467 P3d 43, *rev den*, 366 Or 826 (2020) ("[A]n agency's findings of fact are binding on [the court] unless those findings are not supported by substantial evidence in the record viewed as a whole.").

In its third assignment of error, Your House challenges BOLI's decision that it violated ORS 659.A199(1) and OAR 839-010-0100(1) by terminating Maurer's employment because, according to Your House, the record lacked substantial evidence to support causation. *See Cuddigan-Placito v. SAIF*, 335 Or App 663, 680, 560 P3d 715 (2024) (causal link required between protected activity and adverse treatment under ORS 659.A199(1)). To show causation, the agency "must prove that [a respondent's] unlawful motive was a substantial factor in his termination." *Harper v. Mt. Hood Community College*, 283 Or App 207, 214, 388 P3d 1170 (2016) (internal citation omitted). "Proof of a causal connection can be established * * * indirectly, by showing that the protected activity was followed closely by discriminatory treatment

\*\*\*" if the events are "'very close' in time." *Boynton-Burns v. University of Oregon*, 197 Or App 373, 380-81, 105 P3d 893 (2005) (emphasis omitted).

There is substantial evidence to support a causal link between Maurer's report to Michelle, which qualifies as a protected whistleblowing "report" under the statute,[1] and the adverse employment decision of Maurer's termination. BOLI relied on the proximity between Maurer telling Michelle that she thought the rental agreement alterations were illegal and Michelle terminating her employment between two and seven days later to demonstrate a causal connection. That closeness in time is sufficient evidence for a reasonable decisionmaker to conclude Maurer's refusal was a substantial factor in the decision. *See Thomas v. City of Beaverton*, 379 F3d 802, 812 (9th Cir 2004) (a causal link could be inferred from timing alone when the retaliatory action occurred seven weeks after the protected activity). While the disagreement between Kip and Maurer could support an alternate cause for her termination, BOLI's conclusion that the termination was retaliatory is supported by substantial evidence. *See Green Thumb Landscapes and Maintenance*, 304 Or App at 354 ("While there is certainly evidence that might support an alternative conclusion[,] \*\*\* the question is whether this record contains substantial evidence that could permit BOLI to find \*\*\* as it did.").

Your House's fourth and fifth assignments of error challenge the damages awarded. In the fourth assignment of error, Your House contends BOLI erred in awarding Maurer $14,000 in lost wages because she received unemployment benefits and failed to undertake reasonable mitigation efforts. First, BOLI's regulations do not require it to reduce

---

[1] ORS 659A.199 states: "(1) It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

"Reported" as used in ORS 659A.199 includes reporting wrongdoing via "a communication made directly to a 'wrongdoer' manager." *See Seater v. Klamath Irrigation Dist.*, 336 Or App 195, 200-01, 560 P3d 731 (2024) (concluding ORS 659A.199 applies to reports of a supervisor's wrongdoing made "directly to a supervisor to correct what could possibly be merely an oversight" because it was contemplated during legislative hearings for a similar whistleblower statute).

an award of lost wages to account for unemployment benefits received. OAR 839-003-0090(4)(b) ("In most cases, unearned income such as unemployment * * * will not be deducted from lost wage damages."). Second, there is substantial evidence to support BOLI's finding that Maurer made reasonable mitigation efforts. According to her testimony, Maurer actively looked for work from when she was terminated in April 2020 to when she was made an offer in October 2020 despite the challenges posed by pandemic safety concerns and her school schedule. Based on that record, there is substantial evidence to support that Maurer was reasonably diligent in finding employment. *See James E. Frick, Inc.*, 101 Or App at 194 (substantial evidence where a witness's testimony supported the factual finding).

In its fifth assignment of error, Your House argues that BOLI erred in awarding Maurer $30,000 in compensatory emotional distress damages because her anxieties were actually due to the pandemic and she was relieved, not distressed, when her employment was terminated. However, Maurer testified that she was "very, very concerned and anxious" about her finances and her anxiety impacted her schoolwork, social life, and relationship with her family. That amounts to substantial evidence to support BOLI's award of compensatory damages. *See Multnomah County Sheriff's Office v. Edwards*, 277 Or App 540, 563, 373 P3d 1099 (2016), *aff'd*, 361 Or 761, 399 P3d 969 (2017) ("[A] complainant's testimony [of feeling stressed, frustrated, and angry and his distress impacting his relationship with his family], if believed, is sufficient to support a claim for emotional distress damages.").

Affirmed.