70 April 1, 2026 No. 233

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Ana MIRKOVIC,
*Plaintiff-Appellant,*

*v.*

TENASYS CORPORATION,
*Defendant-Respondent.*

Washington County Circuit Court
23CV01681; A185106

Andrew Erwin, Judge.

Argued and submitted January 8, 2026.

Shenoa Payne argued the cause for appellant. Also on the briefs was Shenoa Payne Attorney at Law PC.

Aurelia Erickson argued the cause for respondent. Also on the brief was Chenoweth Law Group, PC.

Lindsey Burrows and O'Connor Weber LLC and Rian Peck and Visible Law LLC filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief *amicus curiae* for Bureau of Labor and Industries.

D. Brent Carpenter and Jordan Ramis PC filed the brief *amicus curiae* for National Federation of Independent Business Small Business Legal Center, Inc.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Powers, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

The issue presented in this case is whether ORS 659A.355 protects an employee from adverse employment actions by their employer when the employee requests a raise. Plaintiff Ana Mirkovic filed an employment action against defendant Tenasys Corporation, her former employer, alleging that defendant violated ORS 659A.355 by terminating her employment because she inquired about a salary increase. The trial court granted defendant's motion for summary judgment, concluding that plaintiff's conduct was not protected under ORS 659A.355, and entered a judgment dismissing plaintiff's claim. On appeal, plaintiff challenges the trial court's grant of summary judgment for defendant, arguing that the protections provided to employees under ORS 659A.355 for wage inquiries cover an employee's own request for a raise with their employer. We agree that the statute covers that activity. The trial court erred in its interpretation of ORS 659A.355, and therefore, we reverse and remand.

We review a trial court's decision to grant summary judgment "for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted); *see also* ORCP 47 C ("The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law."). As we discuss when reciting the procedural history, in these particular circumstances, the issue before us is purely one of law and does not require us to address whether there are any disputed issues of fact. We state the facts below in the light most favorable to the nonmoving party, plaintiff. *Fields v. City of Newport*, 326 Or App 764, 767, 533 P3d 384, *rev den*, 371 Or 476 (2023).

Plaintiff worked for defendant as a software engineer. In the spring of 2022, plaintiff requested a promotion to the position of Director of Software Engineering, and a salary increase. On Friday, May 13, 2022, defendant's owners, Christopher Main and Kim Hartman, offered plaintiff

a raise and the position of Senior Software Engineering Manager. That weekend, plaintiff sent Main an email attempting to negotiate an additional $5,000 raise and future consideration for the Director position. The following Tuesday, Main and Hartman informed plaintiff that they were terminating her employment with the company.

Plaintiff filed a complaint against defendant pursuant to ORS 659A.355 for unlawful discrimination, retaliation, and discharge based on her discussing and inquiring about her own wages. Defendant moved for summary judgment on two grounds. First, defendant argued that requesting a raise from an employer does not fall under the scope of ORS 659A.355 because the statute only protects wage discussions among employees to promote pay transparency. Second, defendant argued that, even if asking for a raise is protected by ORS 659A.355, there was no genuine issue of material fact that defendant terminated plaintiff's employment, not for seeking a raise, but rather because she was not a good fit. The trial court initially denied defendant's motion, reasoning that asking for a raise was a wage inquiry protected by ORS 659A.355 which carved out "no exception for inquiring about your own pay." The trial court also concluded that there were disputed issues of fact regarding whether defendant terminated plaintiff for requesting a wage increase.

Just before trial, defendant moved to vacate the order denying defendant's motion for summary judgment, renewing its argument that ORS 659A.355 did not protect an employee's wage discussions with an employer and was limited to wage discussions among employees.[1] Defendant also asserted an argument, based on *O'Donnell v. Ameresco, Inc.*, 716 F Supp 3d 1035 (D Or 2024), that ORS 659A.355 only protects wage discussions related to preventing class discrimination in the form of pay inequity. The trial court heard arguments from both parties on the first day of trial and agreed with defendant, concluding that "the reasoning of the *O'Donnell* case is inescapable. The statute is not applied where there is zero discriminat[ion] issue[] at all." The court concluded that plaintiff's conduct of asking for

_____

[1] In its motion to vacate, defendant did not renew its previous argument that there were no genuine issues of material fact that defendant's termination was not caused by her wage inquiry.

a raise, where there is no claim of discriminatory pay dis-
parity, is not protected activity under ORS 659A.355.[2] The
court then granted defendant's motion to vacate the prior
order denying summary judgment and granted the motion
for summary judgment in favor of defendant. Plaintiff filed
this appeal, challenging the trial court's decisions to vacate
the prior denial and to grant defendant's motion for sum-
mary judgment.

On appeal, plaintiff argues that the trial court
erred in concluding that ORS 659A.355 was limited in scope
to protecting wage discussions related to remedying pay
inequities deriving from discrimination against a protected
class. Plaintiff also disputes defendant's assertion that the
statute is limited to protecting employees from adverse
employment actions by employers due to wage discussions
between or among employees. Plaintiff contends that the
statute protects employees who engage in wage discussions
with their employers, including when employees request a
raise.

We review the trial court's interpretation of a stat-
ute for legal error and note that, although they may pro-
vide persuasive authority, we are not bound by decisions
of the federal courts interpreting Oregon statutes. *Seater
v. Klamath Irrigation Dist.*, 336 Or App 195, 198, 560 P3d
731 (2024). Our task in construing a statute is to discern
the intent of the legislature. ORS 174.020(1)(a). To do that,
we begin by examining the text and context of the statute,
which "must be given primary weight in the analysis." *State*

---

[2] The trial court appears to have relied heavily on *O'Donnell*'s statement that
"the purpose of ORS 659A.355 is preventing discrimination in the form of pay
inequity by protecting employees who discuss their wages." 716 F Supp 3d at
1043. First, we note that we are not bound by the federal courts' interpretations
of Oregon statutes. *Burley v. Clackamas County*, 298 Or App 462, 467, 446 P3d
564, *rev den*, 365 Or 721 (2019). More significant to our analysis here, *O'Donnell*
was a common law wrongful discharge action where the plaintiff had to demon-
strate that his conduct fell within a public duty exception to the general rule that
employment is at-will in Oregon. *Id.* at 1040. It was not a statutory-based action
alleging retaliation or discrimination under ORS 659A.355 because of a wage
inquiry or discussion. The district court rejected the plaintiff's argument that
his wage inquiry fulfilled a public duty necessary to allow the plaintiff to proceed
with a common law wrongful discharge action. *Id.* at 1043-44. *O'Donnell* is not
binding nor particularly relevant given that this is not a common law wrongful
discharge action. The district court's construction of the statute in the context in
which the court considered it does not guide our analysis here.

*v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). We may also consider "pertinent legislative history" if it "appears useful to the court's analysis." *Id.* at 172.

ORS 659A.355 provides:

"(1)   It is an unlawful employment practice for an employer to discharge, demote or suspend, or to discriminate or retaliate against, an employee with regard to promotion, compensation or other terms, conditions or privileges of employment because the employee has:

"(a)   Inquired about, discussed or disclosed in any manner the wages of the employee or of another employee; or

"(b)   Made a charge, filed a complaint or instituted, or caused to be instituted, an investigation, proceeding, hearing or action based on the disclosure of wage information by the employee.

"(2)   This section does not apply to an employee who has access to wage information of employees as part of the job functions of the employee's position and discloses the wages of those employees to individuals not authorized access to the information, unless the disclosure is in response to a charge or complaint or is in furtherance of an investigation, proceeding, hearing or action, including but not limited to an investigation conducted by the employer."

The text of ORS 659A.355 does not demonstrate that the legislature intended to restrict the scope of the statute's protections to wage discussions regarding discriminatory pay inequity or to wage discussions among employees. *See* ORS 174.010 (in construing a statute, we must not insert what the legislature has omitted). The statute makes it an unlawful employment practice for an employer to take certain adverse actions against an employee who has "[i]nquired about, discussed or disclosed in any manner *the wages of the employee* or of another employee." ORS 659A.355(1)(a) (emphasis added). Thus, the clear statutory text protects an employee from certain adverse actions by their employer when the employee inquires about, discusses, or discloses in any manner their own wages, which necessarily covers an employee's inquiry to their employer about a wage increase. The legislature carved out a single limitation to the broad scope of that language in ORS 659A.355(2) for

certain disclosures to unauthorized persons. Here, plaintiff inquired about a wage increase with her employer. In doing so, she "[i]nquired about *** the wages of the employee." ORS 659A.355(1)(a). That conduct falls within the plain text of the statute.

The trial court acknowledged the broad language of the statute, but the court ultimately determined that it was limited by the legislature's stated purpose for Chapter 659A. ORS 659A.003(2) states that a purpose of the chapter is to provide an "adequate remedy for persons aggrieved by certain acts of unlawful discrimination because of race, color, religion, sex, sexual orientation, gender identity, national origin, marital status, disability or familial status, or unreasonable acts of discrimination in employment based upon age." The trial court concluded that the statute's text, read in the context of the legislature's stated purpose, excludes raise requests unconnected to remedying discriminatory pay inequity.

We disagree. We also disagree with defendant's argument that the text and context of ORS 659A.355 is limited to protecting open wage discussions among employees. As we have explained, the plain text of the statute includes an employee's request for a raise. Protecting that type of discourse in no way contradicts, and in fact, advances the legislature's express purpose of remedying unlawful discrimination by ensuring that all employees may engage in open wage discussions with their employers without fear of retaliation. The text and context of ORS 659A.355 do not demonstrate that the legislature intended to limit the statute's protections in the ways asserted by defendant.

Although we conclude that the text and context are clear, we have also considered the relevant legislative history identified by the parties, which, taken together, demonstrate the legislature's intent to promote wage transparency discussions among coworkers *and also* protect employees from retaliation for requesting a salary increase. For instance, in a House floor debate, after various representatives expressed opposition because the bill was not limited to pay equity, Representative Fagan confirmed that the bill was intended to cover not only wage discussions among employees, but

also "employee to employer relations and discussing wages with a boss," including asking for a raise. Audio Recording, House of Representatives Floor Debate, HB 2007, Mar 3, 2015, at 51:27. Similarly, during a public hearing after the bill moved to the Senate, Senator Dembrow confirmed that, under the bill, an "employer should not then discipline [an employee] for making that [raise] request." Audio Recording, Senate Committee on Workforce, HB 2007, May 6, 2015, at 18:37. Although, as plaintiff acknowledges, much of the legislative history focuses on the wage transparency purpose of the statute, the legislative history shows that the legislature considered the scope of the bill and also intended for it to cover employee-employer wage discussions like requesting a raise. *See State v. Rainey*, 294 Or App 284, 290-91, 431 P3d 98 (2018) (noting that it is "very common" for the legislature to respond to a specific problem by choosing to enact a statute with "wording broad enough to address more than the specific problem that prompted it").

In sum, the text, context, and legislative history all point in the same direction. ORS 659A.335 protects an employee from certain adverse employment actions by their employer when the employee requests a raise.[3] The trial court erred in granting defendant's motion for summary judgment on the basis that plaintiff's conduct was not protected activity under ORS 659A.355(1)(a).

Reversed and remanded.

---

[3] It should perhaps go without saying that an employer does not violate the statute merely by denying a request for a wage increase. But ORS 659A.355(1) does prohibit an employer from discharging, demoting, suspending, discriminating against, or retaliating against an employee because the employee has requested a raise. Because there is an unresolved issue of fact regarding whether defendant terminated plaintiff for requesting a wage increase or terminated her for other reasons, this matter is remanded to the trial court for further proceedings.